IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


MONICA L. DAMRON,

        Plaintiff,

  vs.                              Civil Action 2:14-cv-552
                                 Magistrate Judge King

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.


OPINION AND ORDER

I.   Background

This is an action instituted under the provisions of 42 U.S.C. § 405(g) for review of a final decision of the Commissioner of Social Security denying plaintiff's applications for a period of disability, disability insurance benefits, and supplemental security income.  This matter is before the Court, with the consent of the parties pursuant to 28 U.S.C. § 636(c), for consideration of *Plaintiff's Statement of Errors* ("*Statement of Errors*"), Doc. No. 18, and *Defendant's Memorandum in Opposition*, Doc. No. 21.  Plaintiff has not filed a reply.

Plaintiff Monica L. Damron first filed applications for disability insurance benefits and supplemental security income on April 10, 2006, alleging disability since March 2006.  Those applications were denied by an administrative law judge, following an administrative hearing, on December 17, 2007.  *PAGEID* 138-48.

Plaintiff filed her current applications for benefits on June 21,

2010, alleging that she has been disabled since December 18, 2007.
*PAGEID* 57, 296-308.  The claims were denied initially and upon
reconsideration, and plaintiff requested a *de novo* hearing before an
administrative law judge.

An administrative hearing was held on May 17, 2012, at which
plaintiff, represented by counsel, appeared and testified, as did
Lynne M. Kaufmann, who testified as a vocational expert, and Richard
E. Simmons, M.D., a Board-certified ophthalmologist who testified as a
medical expert.  *PAGEID* 78.  In a decision dated November 13, 2012,
the administrative law judge concluded that plaintiff was not disabled
prior to September 4, 2012, but became disabled on that date and
continued to be disabled through the date of the administrative
decision.  *PAGEID* 57-71.  That decision became the final decision of
the Commissioner of Social Security when the Appeals Council declined
review on May 12, 2014.  *PAGEID* 44-45.

Plaintiff was 38 years of age on the date of the administrative
decision.  *See PAGEID* 71, 296.  She has at least a high school
education, is able to communicate in English, and has past relevant
work as a cashier, bartender, fast food worker, stocker, packer,
machine operator, and assembler.  *PAGEID* 67-68.  Plaintiff was last
insured for disability insurance purposes on September 30, 2009.
*PAGEID* 60.  She has not engaged in substantial gainful activity since
December 18, 2007, her alleged disability onset date.  *Id*.

2

**II.  Administrative Decision**

The administrative law judge found that, as of the December 17, 2007 administrative decision, plaintiff's severe impairments consisted of status post eye surgeries, right eye with vision reduced to hand motion, chronic open angle glaucoma in both eyes, and best corrected vision in the left eye of 20/30.  *PAGEID* 60.  In December 2008, the record reflected evidence of additional mental impairments.  *PAGEID* 61. Beginning September 4, 2012, plaintiff's severe impairments consisted of blindness in the right eye secondary to multiple surgeries, bilateral chronic open angle glaucoma, obesity, bipolar disorder, and generalized anxiety disorder.  *PAGEID* 60.  The administrative law judge also found that, since her alleged disability onset date, plaintiff's impairments neither met nor equaled a listed impairment.  *PAGEID* 62.

The administrative law judge addressed three (3) distinct periods of time. The administrative law judge found that, until December 1, 2008, the record did not reflect new and additional evidence establishing an increase in the severity of symptoms, an increase in functional limitations, or new physical impairments from those found in the earlier administrative decision. *PAGEID* 58. However, beginning on December 1, 2008, the record reflected evidence of a severe mental impairment, *PAGEID* 61, and, on September 4, 2012, a consultative optometrist opined that plaintiff's visual functioning "was much worse than her acuity would indicate." *PAGEID* 66.

Applying Acquiescence Rulings and the doctrine of administrative *res judicata,* the administrative law judge adopted the findings of the prior administrative law judge and concluded that plaintiff was not disabled during the period December 18, 2007 to November 30, 2008. *PAGEID* 69.

For the period December 1, 2008 through September 3, 2012, the administrative law judge found that plaintiff had the residual functional capacity ("RFC") to

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except for work that required full depth perception and full peripheral vision. Specific limitations would include no work around hazardous heights or machinery, or performing commercial driving. Additional mental limitations became effective in December 2008. Mentally, the claimant retained the capacity to understand and recall instructions for simple repetitive and some complex tasks that did not involve more than occasional changes in duties and processes and that did not involve more than occasional contact with others.

*PAGEID* 64. Relying on the testimony of the vocational expert, the administrative law judge found that, through September 3, 2012, plaintiff was able to perform a significant number of jobs in the national economy. *PAGEID* 69-70.

For the period beginning September 4, 2012, the administrative law judge found that plaintiff

> does not have the residual functional capacity to perform even sedentary work related to physical activities in a work setting on a regular and continuing basis (i.e., eight hours a day, five days a week, or an equivalent work schedule). Specifically, the claimant is unable to avoid ordinary hazards in the workplace, such as boxes on the floor, doors ajar, or approaching people or vehicles. She is unable to read small print or ordinary newspaper or book print. She is unable to view a computer screen and would be unable to determine differences in shape and color of

4

> small objects.  Mentally, the claimant retained the
> capacity to understand and recall instructions for simple
> repetitive and some complex tasks that did not involve more
> than occasional changes in duties and processes and that
> did not involve more than occasional contact with others.

*PAGEID* 66. Again relying on the testimony of the vocational expert, the administrative law judge found that, beginning September 4, 2012, plaintiff was unable to perform any job that exists in significant numbers in the national economy.  *PAGEID* 70.  Accordingly, the administrative law judge concluded that, although plaintiff was not disabled prior to September 4, 2012, she became disabled on that date and continued to be disabled through the date of the administrative decision.  *Id*.

**III.  Discussion**

Pursuant to 42 U.S.C. § 405(g), judicial review of the Commissioner's decision is limited to determining whether the findings of the administrative law judge are supported by substantial evidence and employed the proper legal standards.  *Richardson v. Perales*, 402 U.S. 389 (1971); *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005).  Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Buxton v. Haler*, 246 F.3d 762, 772 (6th Cir. 2001); *Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 535 (6th Cir. 1981).  This Court does not try the case *de novo*, nor does it resolve conflicts in the evidence or questions of credibility.  *See Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989); *Garner v.*

*Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, this Court must examine the administrative record as a whole. *Kirk*, 667 F.2d at 536. If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if this Court would decide the matter differently, *see Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983), and even if substantial evidence also supports the opposite conclusion. *Longworth,* 402 F.3d at 595.

In her *Statement of Errors*, plaintiff takes the position that the administrative law judge erred in finding that plaintiff's disability arose only on September 4, 2012, *i.e.,* the date that Sarah W. Yoest, O.D., the consultative optometrist, issued her report. The administrative law judge evaluated Dr. Yoest's opinion as follows:

> Following the hearing, I requested a consultative ophthalmological/optometric consultative examination, which was completed by Sarah W. Yoest, O.D., on September 4, 2012 (Exhibit 27F). Dr. Yoest reported that the claimant's visual acuity with best correction of hand movement (right); and 20/40 distance and reading (left), was "misleading." Dr. Yoest went on to report that the claimant's visual function was much worse than her acuity would indicate. She stated that the claimant would have difficulty with print and computer, and had reduced depth perception, contrast sensitivity loss, and would trip over objects in low contrast or lighting. Impression was bilateral glaucoma as well as pigmentary deposits in the cornea of the right eye.

> As for the opinion evidence, Dr. Yoest responded on a *Medical Source Statement of Ability to Do Work-Related Activities*, that the claimant would not be able to avoid ordinary hazards in the workplace, such as boxes on the floor, doors ajar, or approaching people or vehicles. She further stated that the claimant was unable to read small print or ordinary newspaper or book print. Due to photophobia, she reported that the claimant could not view computer screens and would be unable to determine

> difference in shape and color of small objects. She noted
> that the claimant would need 18-20 point print with
> contrast enhancement for fluency in reading. Dr. Yoest
> further opined that the claimant was unable to perform
> activities like shopping and could not travel without a
> companion for assistance. The claimant could not walk a
> block at a reasonable pace on rough or uneven surfaces.
> She could not prepare a simple meal due to trouble seeing
> the stove.

*PAGEID* 66-67. The administrative law judge found that "Dr. Yoest's opinion is consistent with the medical evidence and her report and is given great weight." *PAGEID* 67. The administrative law judge found that plaintiff "cannot be expected to perform more than the limited range of work described" in Dr. Yoest's opinion, and he incorporated Dr. Yoest's findings into plaintiff's RFC for the period beginning September 4, 2012. *PAGEID* 66-67.

Plaintiff argues that the administrative law judge "erred in failing to consider the retroactivity of [Dr. Yoest's] opinion." *Statement of Errors*, p 6. Plaintiff argues that "Dr. Yoest's opinion was new and material evidence that reflects upon the time period pre-dating 09/04/12." *Id*. at p. 11. Plaintiff further argues that the administrative law judge failed to resolve inconsistencies between the opinions of Dr. Yoest and that of Dr. Simmons, the medical expert who testified at the administrative hearing. *Id*. at p. 9.[1]

The Commissioner argues that substantial evidence supports the administrative law judge's "decision that prior to September 4, 2012, plaintiff could perform the jobs the vocational expert identified and

---

[1] Dr. Simmons testified that plaintiff's eye condition neither met nor equaled a listed impairment, *PAGEID* 87-88, 101, and that the vision in her left eye is significantly better than the vision in her right eye. *PAGEID* 89-90.

was not disabled." *Commissioner's Response*, p. 5.  The Commissioner argues that the testimony of the medical expert "showed that Plaintiff retained sufficient visual acuity to work prior to September 4, 2012." *Id*.  The Commissioner cites to medical records showing visual acuity of 20/30 or better in the left eye through June 12, 2012, and argues that the administrative law judge "correctly found that these treatment records were consistent with the opinions of Dr. Simmons and showed that Plaintiff retained sufficient vision to work."  *Id*. at pp. 6-8.  The Commissioner also argues that the administrative law judge "correctly considered Dr. Yoest's opinion as a current opinion."  *Id*. at pp. 8-9.  The Commissioner's arguments are not well taken.

The Commissioner cites to a June 12, 2012 examination showing plaintiff's visual acuity of 20/30 in the left eye, and argues that the examination is "consistent with the opinions of Dr. Simmons and showed that Plaintiff retained sufficient vision to work." *Commissioner's Response*, pp. 7-8.  The Commissioner also cites to, *inter alia*, a January 25, 2011 report showing that plaintiff retained 20/30 visual acuity with correction in the left eye.  *Id*.  Indeed, the administrative law judge cited some of these same records as being consistent with Dr. Simmons' testimony.  *PAGEID* 65.  However, Dr. Yoest attached these same medical records, as well as others, to her report and opined that plaintiff's "acuity is misleading – visual function is much worse than acuity would indicate."  *PAGEID* 698-703. The administrative law judge found that "Dr. Yoest's opinion is

8

consistent with the medical evidence and her report" and assigned her opinion "great weight."  *PAGEID* 67.

Dr. Simmons and Dr. Yoest reached different conclusions with respect to plaintiff's vision impairment, yet each cited the same records as support for those differing conclusions. The administrative law judge found that both opinions were consistent with the medical evidence and relied on the opinion of Dr. Simmons to find that plaintiff was not disabled prior to September 4, 2012, and relied on the opinion of Dr. Yoest to find that plaintiff became disabled on September 4, 2012.  *PAGEID* 65-67.  The administrative law judge did not, however, either address or resolve the inconsistencies between the opinions.  The Commissioner argues that there is no error in this regard because Dr. Yoest's opinion was a current opinion as of the date that it was issued, *i.e.,* September 4, 2012.  *Commissioner's Response*, pp. 7-9.  However, Dr. Yoest relied on evidence that predated her opinion, and the administrative law judge found that Dr. Yoest's opinion was "consistent with" that medical evidence. *PAGEID* 67. Moreover, the administrative law judge found that Dr. Yoest's opinion corroborated plaintiff's subjective complaints, which also pre-date Dr. Yoest's opinion.  Although the administrative law judge found that plaintiff's subjective complaints were not entirely credible prior to September 4, 2012, he found that plaintiff's subjective complaints became "generally credible in light of the evidence of record" on September 4, 2012, the date of Dr. Yoest's opinion.  *PAGEID* 64, 67

9

It is true, as the Commissioner argues, *Commissioner's Response*, p. 9, that Dr. Yoest's report did not expressly state that plaintiff had any limitations prior to September 4, 2012.  However, Dr. Yoest's report relied on the medical records that pre-dated September 4, 2012, and validated plaintiff's subjective complaints, which likewise pre-dated Dr. Yoest's opinion. This Court agrees with plaintiff that the administrative law judge should have considered the extent to which, if at all, Dr. Yoest's report was relevant to plaintiff's vision impairments prior to September 4, 2012.

Under these circumstances, the Court concludes that the administrative law judge erred in failing to consider what effect, if any, Dr. Yoest's opinion had on plaintiff's RFC prior to September 4, 2012.

The decision of the Commissioner is therefore **REVERSED** pursuant to Sentence 4 of 42 U.S.C. § 405(g), and this action is **REMANDED** to the Commissioner of Social Security for further consideration of Dr. Yoest's opinion.


February 10, 2015                         *s/Norah McCann King*_____
                                          Norah M$^c$Cann King
                                          United States Magistrate Judge